UNITED STATES DISTRICT COURT:
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KERON SHERIDAN,

                              Plaintiff(s),

        -against-

THE CITY OF NEW YORK, THE POLICE
DEPARTMENT OF THE CITY OF NEW YORK,
NEW YORK CITY SGT. SANDRA JACKSON, AND
NEW YORK CITY P.O. ROBERT MUIR,
                              Defendants,
----------------------------------------------------------------x

Plaintiff Demands
Trial by Jury

**AMENDED COMPLAINT**

Civil Action:
12 CV 2595 (NGG) (VPP)

Plaintiff(s), KERON SHERIDAN, by her attorney, LAW OFFICES OF HARLAN GREENBERG, for her complaint alleges as follows:

### NATURE OF CLAIMS

1. Plaintiff seeks redress pursuant to 42 U.S.C. Section 1983, et seq., for violation of rights secured by the Fourth Amendment, and by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

2. Plaintiffs also seeks redress under Article I, Section 11 of the New York State Constitution for denial of equal protection, and redress for tortious conduct against Plaintiffs by defendants through Assault and Battery, Negligent Hiring, Training and Supervision, False Arrest and Imprisonment, Malicious Prosecution, Abuse of Process, and Prima Facie Tort.

3. Plaintiffs requests a jury trial.

## JURISDICTION

4. This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201, and 2202, to hear and decide these claims for relief. This Court has pendent and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York, pursuant to 28 U.S.C. §1367 (A).

5. Venue is proper for the United States District Court for the EASTERN District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c ).

## PARTIES

6. Plaintiff KERON SHERIDAN, is a citizen of the United States, and resides in the County of Kings, City and State of New York.

7. Defendants , SGT. SANDRA JACKSON and P.O. ROBERT MUIR are New York City Police Officers, and were employed by the New York City Police Department, and upon information and belief were assigned to the 88th Precinct at the time the wrongs were committed against Plaintiff. At all pertinent times defendants SGT. SANDRA JACKSON and P.O. ROBERT MUIR acted under color of New York State law, and with the express and implied permission and knowledge of defendants, The City of New York and The New York City Police Department, and as an employee, were acting within the scope of their employment and in furtherance of the business of The City of New York, and The New York City Police Department. Suit is also brought against defendant SGT. SANDRA JACKSON and P.O. ROBERT MUIR in their individual capacity.

8. Defendant The City of New York [hereinafter "NYC"] is a municipal corporation

existing under and by virtue of the laws, charters and statutes of the State of New York.  The New York City Police Department [hereinafter "NYCPD] is a governmental entity and/or agency of NYC, duly organized under the laws of the State of New York.

## PRELIMINARY FACTS

9. Plaintiff have complied with all conditions precedent to commencing this action and, in particular, on or about September 12, 2011, within ninety (90) days after the claim upon which this action is based, Plaintiffs duly served upon the defendants a Notice of Claim Pursuant to and in full compliance with the provisions of § 50-e of the New York State General Municipal Law.

10. More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been rejected or refused the defendants.

11. This action is being commenced within one (1) year and ninety(90) days after the happening of the event upon which this claim is based.

12. On December 7, 2011, a statutory hearing and examination of the Plaintiff pursuant to New York State General Municipal Law § 50-h was conducted by the defendants.

## STATEMENT OF FACTS

13. Plaintiff   KERON SHERIDAN was falsely arrested, seized, searched, detained, imprisoned, and the subject of a malicious prosecution, and an abuse of process by defendant  SGT. SANDRA JACKSON and  P.O. ROBERT MUIR on or about June 15, 2011, at approximately 3:45 p.m., at/near/inside 298 Classon Avenue within the 88th precinct, in the County of Kings, City and State of New York.  The

arrest, seizure, search, and detention by defendants was made without cause or justification. Defendants did intentionally, wilfully and maliciously, wrongfully, unlawfully, and unjustifiably arrest, seize, search and detain Plaintiff.

14. On or about June 15, 2011, at approximately 3:45 p.m., Plaintiff, entered the 88th precinct in an effort to obtain information regarding 2 IPads that were stolen from her bag earlier that day. Defendant SGT. SANDRA JACKSON , was the desk Sargent on duty at the time and place of the incident. During Plaintiff's visit to the 88th precinct, SGT. SANDRA JACKSON was verbally abusive and threatened Plaintiff with her power to arrest and bring a criminal action against if she "continued to talk". Shortly, thereafter, Plaintiff inquired why she was being treated as if she were a criminal. Plaintiff, was then seized, searched, forcibly and unjustifiably detained, and arrested by P.O. ROBERT MUIR, which was at the direction of SGT. SANDRA JACKSON .

15. On or about June 15, 2011, although she had committed no criminal act or any offense, Plaintiff was seized, searched and detained for a period of time in a cell at the precinct.

16. P.O. ROBERT MUIR, issued a Summons and charged Plaintiff with a criminal offense, to wit, a violation of §240.20(2) of the New York State Penal Law. Thus, requiring Plaintiff to appear in New York City Criminal Court and defend the charges brought against her.

17. As a result of the conduct of SGT. SANDRA JACKSON and P.O. ROBERT MUIR , falsely arresting, seizing, searching, detaining, and then maliciously prosecuting and abuse of process proximately caused Plaintiffs serious and

permanent physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

18. All conduct of the defendants herein was gross, willful, wanton, intentional, purposeful, and reckless, negligent and careless.

## MONELL CLAIM

19. At all times material to this complaint, the defendant NYC, acting through NYCPD, had in effect de facto policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of defendants. These de facto policies, practices and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers engaged in the excessive and unjustified use of force, particularly those police officers who are repeatedly accused of such acts; and, the police code silence wherein police officers regularly cover-up police use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of excessive and unjustified force by police officers.

20. The policy, practice and custom of failing to screen, discipline, supervise, counsel, transfer, and/or control police officers, is evidenced, inter alia, by the following: the increase in the number of allegations of excessive force complaints filed with the Civilian Complaint Review Board (hereinafter "CCRB"); that in 1996, only 52 officers out of a force of 38,000 — the largest police department in the country - - were punished because of action taken by the CCRB; that from July, 1993, to July, 1997, only one officer has been dismissed for brutality or other forms of misconduct which were investigated by the CCRB; that since at least 1984

defendant NYC has been on notice that their training of police officers has been inadequate and that police officers joining the force, including defendant SGT. SANDRA JACKSON and P.O. ROBERT MUIR , were disproportionately involved in misconduct and abuse, particularly involving excessive force and brutality (see, e.g., Mayor's Advisory Committee on Police Management and Personnel Policy, Final Report, February 24, 1987); that in 1990 the office of Special Prosecutor, which investigated charges of police corruption, was abolished; that The commission Report of the Commission to Investigate Allegations of Police Corruption and the Anti-Corruption Procedures of the Police Department ("Mollen Commission Report"), dated July 7, 1994, stated "As important as the possible extent of brutality, is the extent of brutality tolerance we found throughout the Department. While the tolerance for brutality arises from the same set of police attitudes as the tolerance for corruption, there is an important difference. Unlike serious corruption, which most cops outwardly tolerate but inwardly deplore and resent, officers seem fairly tolerant - - both outwardly and inwardly - - of occasional police brutality. .. [M] any do not seem to believe that anything is really wrong with a few blows and bruises now and then. Even officers who would never take a free cup of coffee, seem to tolerate what they believe is a little street justice.' An excessive use of fists to face nightstick to ribs, and knees to groin are seen as the realities of policing."

21. On information and belief, the defendant NYC, and NYCPD have failed to effectively screen, hire, train, supervise and discipline their police officers, including the defendant police officers herein, for their propensity for violence,

including excessive and unjustified force and restraint, lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant police officer herein to be in a position to assault, beat and/or excessively and unjustifiably restrain the plaintiff and to otherwise cause him injury and violate his federal and state constitutional rights.

22. On information and belief, defendant SGT. SANDRA JACKSON and P.O. ROBERT MUIR has been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the defendants that defendant SGT. SANDRA JACKSON and P.O. ROBERT MUIR was likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by Plaintiff herein.

23. On information and belief, the defendant NYC, and NYCPD, maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time selection of police officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individual were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers to function at levels of significant and

substantial risk to the public.

24. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant NYC, and NYCPD, have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and are otherwise a direct and proximate cause of the injuries to Plaintiffs herein.

25. As a direct and proximate result of the defendant's wrongful policies, practices, customs and/or usages complained of herein, Plaintiff has suffered severe physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment, both personally and professionally.

26. Defendant NYC is additionally liable under the legal principle of Respondent Superior, in that defendant SGT. SANDRA JACKSON and P.O. ROBERT MUIR were on duty and was acting in the course and scope of their duties and employment as New York City Police Officers during the seizure, search, false arrest, detention, malicious prosecution and abuse of process of Plaintiff, KERON SHERIDAN.

## FIRST CLAIM FOR RELIEF
## 42U.S.C. 1983

27. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "26" of this Complaint as if recited at length herein.

28. By the aforesaid acts, defendants have violated Plaintiff's right to the equal

protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 43 U.S.C. 1983.

29. The conduct and actions of defendant SGT. SANDRA JACKSON and P.O. ROBERT MUIR , and defendant NYC, acting under color of law, in falsely arresting, maliciously prosecuting and abusing the legal process against, Plaintiff, KERON SHERIDAN , was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. 1983, et seq., deprived the plaintiff of rights including, but not limited to, his rights under the First Amendment guaranteeing protection against unlawful seizure of his person, the Fifth and Fourteenth Amendments guaranteeing due process and equal protection under the law, and the Eighth Amendment guaranteeing protection from cruel and unusual punishment, and Title 42 U.S.C. 1983, et seq.

30. By reason of the Constitutional violations by defendants, Plaintiff has been damaged as set forth above.

### SECOND CLAIM FOR RELIEF
### New York Constitution Art. I, 11

31. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "30" of this complaint as if recited at length herein.

32. By the aforesaid acts, defendants have violated plaintiff's right to the equal protection of laws under Article I, 11 of the New York State Constitution, thereby

giving rise to cause of action pursuant to that Article.

33. The conduct and actions of defendant SGT. SANDRA JACKSON and P.O. ROBERT MUIR , and defendant NYC, acting under color of law, in falsely arresting, seizing, searching, detaining, and physically assaulting Plaintiff, was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiff's Constitutional rights as guaranteed under law and Constitution of the State of New York.  The above-described actions and omissions engaged in under color of state law by the defendants, including defendant NYC, sued as a person within the meaning of Article I, 11, deprived the Plaintiff of rights, including but not limited to, his rights under Article I, 8,9 guaranteeing freedom of expression and association, Article I, 12 guaranteeing protection against unlawful seizure of his person, Article I, 11 guaranteeing due process and equal protection under the law, and Article I, 5 guaranteeing protection from cruel and unusual punishment.

34. By reason of the Constitutional violations by defendants, Plaintiff has been damaged as set forth above.

### THIRD CLAIM FOR RELIEF
### Negligent Hiring, Training and Supervision

35. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "36" of this Complaint as if recited at length herein.

36. The above-described injuries suffered by the Plaintiff is the proximate result of the

negligence of the defendant NYCPD, in that the defendant NYC, and NYCPD failed to exercise reasonable care in the hiring, employment, supervision, and training of its employees.

37. The defendant NYC, and NYCPD had, or should have had, knowledge of the vicious and violent tendencies of its employees, including defendant SGT. SANDRA JACKSON and P.O. ROBERT MUIR . Defendant NYC, and NYCPD knew or should have known of the unlawful actions of SGT. SANDRA JACKSON and P.O. ROBERT MUIR through actual and constructive notice of their unlawful activities, including, but not limited to those allegations as set forth in paragraphs "19," 20," "21," "22," "23," "24," "25," and "26" above. Defendants NYC, and NYCPD failed to exercise reasonable care by retaining and not terminating the employment of defendants SGT. SANDRA JACKSON and P.O. ROBERT MUIR or taking other appropriate corrective action. The occurrences complained of herein were due to the negligence and recklessness of the defendant NYC, and NYCPD.

38. By reason of the tortious conduct of defendants, Plaintiff has been damaged as set forth above.

### FOURTH CLAIM FOR RELIEF
### Malicious Prosecution and Abuse of Process

39. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "38" of this Complaint as if recited at length herein.

40. By the aforesaid acts, defendant have caused physical harm and financial injury

upon the person of Plaintiff. Defendants acted willfully, unlawfully, maliciously, recklessly, unjustifiably, negligently in the use of malicious prosecution and abuse of process against Plaintiff, through the use of the legal process.

41. By reason of the tortious conduct of defendants Plaintiffs have been damaged as set forth above.

## FIFTH CLAIM FOR RELIEF
### False Arrest and Imprisonment

42. Plaintiffs, repeats and realleges every assertion contained in paragraphs "1" through "41" of this Complaint as if recited at length herein.

43. By the aforesaid acts, defendants have unlawfully and unjustifiably arrested and detained Plaintiff without any lawful cause whatsoever. Defendant acted willfully, unlawfully, maliciously, recklessly, and negligently in arresting and detaining Plaintiff, despite Plaintiff's innocence, and utilized the criminal justice system to prosecute Plaintiff in order to cover up the unlawful seizure and detention of Plaintiff by SGT. SANDRA JACKSON and P.O. ROBERT MUIR .

44. By reason of the tortious conduct of defendants, Plaintiff have been damaged as set forth above.

## SIXTH CLAIM FOR RELIEF
### Prima Facie Tort

45. Plaintiffs repeats and realleges every assertion contained in paragraphs "1" through

"44" of this Complaint as if recited at length herein.

46. In falsely arresting, seizing, searching, detaining, and maliciously prosecuting, and abusing the legal process against Plaintiff, defendants acted with malicious intent, recklessness, and negligence, to injure and harm Plaintiff.

47. By reason of the tortious conduct of defendants, Plaintiff, has been damaged as set forth above.

48. For all claims arising under New York State Law, defendants are jointly and severally liable to the Plaintiffs inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 5, 7, and 11 of the Civil Practice Law and Rules.

WHEREFORE, KERON SHERIDAN, respectfully requests judgment upon all causes of action against defendant as follows:

1. With respect to defendant The City of New York:

(a) declaratory judgment declaring that defendant NYC has violated the aforesaid statutes and constitutions;

(b) Restitution to Plaintiff of her rights, privileges, benefits, legal fees, and income which would have been received by her but for the defendants' unlawful, wrongful, tortious, and unconstitutional conduct;

c ) compensatory damages in an amount to be determined by the court and jury;

(d) punitive damages in an amount to be determined by the court and jury;

(e) Reasonable attorney's fees, disbursements and costs of this action, pursuant

to 42 U.S.C. Section 1998;

(f)   All legal and statutory interest on sums awarded;

(g)   such other and further relief as this honorable court may deem just, proper and equitable.

2.   With respect to defendants SGT. SANDRA JACKSON and P.O. ROBERT MUIR :

(a)   declaratory judgment declaring that defendant has violated the aforesaid statutes and constitutions;

(b)   restitution to Plaintiffs of his rights, privileges, benefits, legal fees and income which would have been received by him but for defendants' unlawful, wrongful, tortious, and unconstitutional conduct;

(c)   compensatory damages in an amount to be determined by the court and jury;

(d)   punitive damages in an amount to be determined by the court and jury;

(e)   Reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. Section 1998;

(f)   All legal and statutory interest on sums awarded.

DATED:   New York, New York
         October 16, 2012

    /s/   Harlan Greenberg
LAW OFFICES OF HARLAN GREENBERG
By: HARLAN GREENBERG(HG-0295)
Attorney for Plaintiff
20 VESEY STREET, SUITE 1406
NEW YORK, NEW YORK 10007
212-964-0503